UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CECEILIA MANGUM, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:14-CV-2123 |
| § | |
| TEXAS DEPARTMENT OF FAMILY AND § | |
| PROTECTIVE SERVICES, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court is the Defendant's Motion to Dismiss. Doc. 5. Having considered the motion, the facts in the record, and the applicable law; the Court concludes Defendant's Motion to Dismiss should be granted.

**I.    Background**

This is an employment discrimination action under the Age Discrimination in Employment Act (ADEA), Title VII, 42 U.S.C. §§ 1983, 1985(3), and the Fair Labor Standards Act (FLSA). Ceceilia Mangum was a caseworker for the Texas Department of Family and Protective Services (DFPS) until her termination in 2014. Mangum alleges in May 2008, Supervisor Althea Edison stated, "[Mangum] should be glad she has a job nobody wants an old person in their unit." Doc. 1 at 1 ¶ 1. She alleges in June 2012, Edison assigned her seven cases, whereas other caseworkers were each assigned three cases. Doc. 1 at 1 ¶ 2. She also alleges Supervisor Rachel Hutchinson explained Mangum had to be assigned cases received late on Fridays because the other caseworkers had families and they could not work extended shifts. Doc. 1 at 2 ¶ 4. Mangum alleges she was placed on "Reminders" on multiple occasions because

1 / 5

the supervisor found her work product and efficiency to be substandard, even though Mangum was not told of any DFPS work product or efficiency standards. Doc. 3-1 at 2 ¶ 2-3. Mangum also contends she was consistently denied a transfer to another unit or department, and the "Reminders" were utilized to keep her in her current position. Doc. 3-1 at 2 ¶ 4.

On July 22, 2014, Mangum filed her original complaint against DFPS. On August 12, 2014, DFPS filed the pending Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). Mangum has not filed a response.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual matter is limited to "documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

Pro se pleadings are subject to less stringent review than those drafted by attorneys and are entitled to a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, pro se litigants must still allege sufficient facts to support their claims; conclusory allegations by themselves are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Moreover, pro se litigants "must still brief the issues and reasonably comply with the standards" of Federal Rules. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). A court may properly dismiss an action with prejudice if the court finds the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

When a litigant proceeds in forma pauperis, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

**III.   Discussion**

Defendant seeks dismissal on two grounds, failure to exhaust administrative remedies and failure to state a claim.

### A.   *Failure to exhaust administrative remedies*

In order for an employee to pursue an employment discrimination claim in federal court, both the ADEA and Title VII require the employee to exhaust their administrative remedies by filing a charge with the Equal Employment Opportunity Commission (EEOC) within 180 days after the allegedly discriminatory event, or 300 days if a state or local enforcement agency exists with authority to grant or seek relief, and obtaining a statutory notice of right to sue. 42 U.S.C. § 2000e-5; 29 U.S.C. § 626; *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378–79 (5th Cir. 2002). Mangum did not file a claim with EEOC prior to filing this action with the federal court. Therefore, she did not exhaust her administrative remedies.

B.     *Failure to state a claim*

Title VII provides it is an unlawful employment practice to discriminate against any employee because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The plaintiff in a Title VII case must carry the initial burden of proof to establish a prima facie case. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802. The plaintiff is not required to set out in detail all the legal and factual allegations in her claim to survive 12(b)(6) motion; nevertheless, she must still plead more than "facts that are 'merely consistent' with a defendant's liability." *Iqbal,* 556 U.S. at 664. Here, Mangum's complaint lacks any factual allegations to support a reasonable inference of employment discrimination based on Title VII.

Under Section 1983, a state agency and any of its employees acting in their official capacity are not "persons" within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). DFPS is a state agency. Therefore, Mangum is not entitled to file a suit against DFPS under Section 1983. In regard to Mangum's claim under Section 1985(3), it fails as a matter of law because her complaint does not state any facts to show a conspiracy between two or more persons as required by the statute. 42 U.S.C. § 1985(3) (1976); *see Hoarist v. Doctor's Hosp. of Opelousas* 255 F.3d 261, 270 (5th Cir. 2001).

Mangum also states, "Supervisor Althea Edison . . . denied [Mangum] a promotion set in place per CPS policy . . . and over time per policy." Doc. 3-1 at 2 ¶ 4. To the extent Mangum claims lack of overtime pay under the FLSA, a private citizen is barred from bringing a claim against a state or a state entity because of the Eleventh Amendment immunity. *Alden v. Maine*, 527 U.S. 706, 712-13; *Bunt v. Texas General Land Office*, 72 F. Supp. 2d 735, 738 (S.D. Tex. 1999).

Viewing Plaintiffs' factual allegations in a light most favorable to her, she has not stated a claim for employment discrimination. Since the claim fails under Rule 12(b)(6), this Court does not find it necessary to consider whether it also fails under Rule 12(b)(1).

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**.

SIGNED at Houston, Texas, this 5th day of February, 2015.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE